FILED

**NOT FOR PUBLICATION**

OCT 4 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity; TROY MILLER, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; PATRICK J. LECHLEITNER, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and KATRINA W. BERGER, Executive Associate Director, Homeland Security Investigations, in her official capacity, <br><br> Defendants-Appellees. | No. 23-55790 <br><br> D.C. No. 2:22-cv-01916-FWS-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted September 12, 2024

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

This case involves three Muslim-American citizens—Abdirahman Kariye, Mohamad Mouslli, and Hameem Shah ("Appellants"). They allege that, upon returning from travelling abroad, U.S. border officers stopped them for secondary screenings and religious questioning. Two appellants were stopped multiple times. They allege they were questioned during these stops because of their faith. Appellants brought suit against Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security, in his official capacity; Troy Miller, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; Patrick J. Lechleitner, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and Katrina W. Berger, Executive Associate Director, Homeland Security Investigations, in her official capacity ("Appellees"). Appellants sued Appellees for violating (1) their First Amendment Free Exercise right; (2) their First Amendment right to Free Association; (3) their Fifth Amendment Due Process right to Equal Protection; and (4) the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. Additionally, Mr. Shah sued Defendants for violating his First Amendment rights through retaliation.[1]

---

[1] Plaintiffs also alleged a First Amendment Establishment Clause claim but did not appeal its dismissal.

The district court granted the government's motion to dismiss the claims, and Appellants now appeal. We have jurisdiction under 28 U.S.C. §1291 and review the district court's determination of standing at the motion to dismiss stage de novo. *Meland v. Weber*, 2 F.4th 838, 843 (9th Cir. 2021). We affirm in part, reverse in part, vacate the judgment, and remand for further proceedings.

1. The district court found that Appellants have standing because they "have sufficiently alleged the existence of an official practice, policy[,] or custom of targeting Muslim Americans for religious questioning based on a pattern of officially sanctioned behavior." The district court then held that Appellants had not plausibly alleged any of their claims and dismissed the suit with leave to amend. After Appellants declined to amend their complaint, the district court entered judgment and Appellants timely appealed.

The government does not assert any argument on the merits of the underlying dismissal. Instead, it contends that the "the district court erred in holding that the complaint plausibly alleges the existence of a secret, officially sanctioned policy[,]" and requests that this Court "reject that erroneous conclusion and affirm the judgment on the ground that plaintiffs failed to plausibly plead the existence of an official policy[.]" In fact, the government concedes that if this panel holds "that the complaint plausibly alleges an unwritten, officially sanctioned policy, the correct disposition of this appeal would be a remand for factual

3

development and eventual motions for summary judgment." Thus, by arguing only that Plaintiffs lacked standing, the government waived any argument regarding the merits of the dismissal. *United States v. Gamboa-Cardenas*, 508 F.3d 491, 502 (9th Cir. 2007) (explaining that where appellees fail to raise an argument in their answering brief, "they have waived it"); *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [appellant] raised.").

To establish standing, plaintiffs must show that they face an imminent injury resulting from defendants' conduct. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defender of Wildlife*, 504 U.S. 555, 561 (1992) (quotation marks and citation omitted) (alteration in original). Appellants assert a claim for prospective injunctive relief and "must demonstrate that [they are] realistically threatened by a repetition of [the violation]." *Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) (quotation marks and citation omitted) (second alteration in original). This can be established by showing either (1) "that the defendant had, at the time of the

injury, a written policy, and that the injury 'stems from' that policy" or (2) "that the harm is part of a 'pattern of officially sanctioned … behavior, violative of the plaintiffs' [federal] rights." *Id.* at 997–98 (quoting *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001)) (alterations in original).

Appellants recount ten incidents of religious-based questioning. During these incidents, Appellants allegedly were asked questions about what "type of Muslim" they were (Sunni or Shi'a? Salafi or Sufi?); how often they prayed; what mosques they attended; questions about their study of Islam; and questions about their involvement with a charitable organization and a youth sports league, amongst other questions. These incidents plausibly allege an unwritten, officially sanctioned pattern or practice. *See Melendres*, 695 F.3d at 995, 998 (finding three incidents of challenged conduct was enough to establish "pattern or practice"); *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 974 (9th Cir. 2019) (finding five occasions of challenged conduct enough to establish standing).

The district court also considered Plaintiffs' allegations that the Department of Homeland Security received numerous complaints about religious questioning at the border; issued memoranda on the subject; and "acknowledged the existence of an internal investigation into border officers' questioning of Muslims regarding their religious practices." Because Appellants plausibly alleged a pattern of

5

unwritten, officially sanctioned behavior, we **AFFIRM** the district court's standing determination.

2. Because the government concedes that if this panel finds standing based on a policy or pattern of discrimination, the judgment should be vacated and the case should be remanded for further factual development and eventual motions for summary judgment, we do just that.

Accordingly, we **REVERSE** the district court's dismissal of Appellants' First Amendment Free Exercise claim; First Amendment right to Free Association claim; Fifth Amendment Due Process right to Equal Protection claim; and Religious Freedom Restoration Act claim; as well as Mr. Shah's First Amendment retaliation claim. We **VACATE** the district court's judgment and **REMAND** for further proceedings.